Juliane E. Lore (ID. No. 9786)
**LORE LAW FIRM, P.L.L.C.**
2921 2nd Ave. North
Billings, MT 59101
Telephone (406) 206-0144
Facsimile: (406) 281-8463
Email: juliane@lorelaw.us

Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MONTANA

| IN RE: | ) | Case No. 10-60240 |
|---|---|---|
| | ) | |
| LEE D. FIELDS   and | ) | MOTION TO CONVERT |
| SHERRY FIELDS, | ) | TO CHAPTER 13 |
| | ) | |
| Debtors. | ) | |
| | ) | |

COMES NOW the Debtors above named, LEE D. and SHERRY FIELDS, by and through their attorney Juliane E. Lore, and hereby move the Court for an order to convert this case from Chapter 7 to Chapter 13.

The reason for this conversion is because the case was initially filed as a Chapter 12, and then converted to Chapter 7 on December 28, 2011, by attorney Steven Johnson of Great Falls. This counsel did not appear at the Debtors' Chapter 7 341 hearing with them in Billings on January 26, 2012, and Debtors contacted Lore Law Firm following that hearing. Johnson filed a motion to withdraw, amended to a motion to withdraw with consent, on January 31, 2012, and was granted this order.

Debtors in fact do not wish to obtain a Chapter 7 discharge, but to try to retain their secured assets and restructure their finances so they are able to begin farming again under Chapter 13 protection. They believe they can better pay creditors with income derived from farming rather than surrender their last equipment, and with it the ability to achieve the result first sought in this matter – fair payment to secured creditors through retention of the collateral that allows them to produce income. A Chapter 7 discharge is not the best option for the Debtor or their creditors, whereas a confirmed Ch. 13 plan may bring relief to all parties.

WHEREFORE, the undersigned moves the Court to grant an Order approving the conversion of this case to Chapter 13.

SO MOVED this <u>8th</u> day of February, 2012.

## NOTICE OF OPPORTUNITY TO RESPOND AND REQUEST A HEARING

**If you object to the motion, you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of the motion. The responding party shall schedule the hearing on the motion at least twenty-one (21) days after the date of the responsive and request for hearing and shall include in the caption of the responsive pleading in bold and conspicuous print the date, time and location of the hearing by inserting in the caption the following:**

**NOTICE OF HEARING**
**Date:** _____
**Time:** _____
**Location:** _____

**If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.**

DATED this 8th day of February, 2012.

                                                      <u>/s/ Juliane E. Lore</u>
                                                    Attorney for Debtors

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify under penalty of perjury that a copy of the within and foregoing Motion to Convert, and Notice was sent by first class mail postage prepaid on the 8th day of February, 2012, and directed to the following:

Complete list of creditors is not attached to this Motion but available on file with the Court.


                                        /s/ Juliane E. Lore
                                        Attorney for Debtors